## Commonwealth v. Munsen

*Glenn Davis,* for the Commonwealth.
*Sal Cognetti,* for defendant.

MYERS, *P.J.,* May 14, 1985 — This case comes to us on an appeal from a citation issued to defendant for driving an unregistered vehicle. Since said vehicle is registered in Florida and is exempted from registration in Pennsylvania under the terms of a reciprocal agreement with the state of Florida, we reverse the citation and find defendant not guilty.

### FACTUAL BACKGROUND

On May 8, 1984, defendant, Margaret Ann Munsen, was issued a citation in a rest area of Interstate 80, Montour County, Pa. Said citation was issued for an alleged violation of 75 Pa. §1301 proscribing driving an unregistered vehicle.

Defendant, who is a resident of New Philadelphia, Pa., informed the state trooper that she was primarily based out of the Scranton, Pa. area. She further acknowledged that the truck was not registered in Pennsylvania, but rather registered in the

state of Florida. Furthermore, the owner of the truck, Transcontinental Refrigerator Lines, is a Florida corporation.

## DISCUSSION

According to 75 Pa. §1301, it is a summary offense to drive any vehicle that is required to be registered in Pennsylvania, but is unregistered. Exceptions to the registration requirement are set forth in section 1302. Section 1303 of the same chapter sets forth the vehicles of nonresidents which are exempt from registration. Specifically, section 1303(c) reads:

"Every nonresident, including any foreign corporation, carrying on business within this Commonwealth, and operating in the business any vehicle in this Commonwealth, unless exempted from registration under the terms of a reciprocity agreement, shall be required to register each such vehicle according to the laws of this Commonwealth."

In Commonwealth v. Ferguson, No. 80-21, (C.C.P. Montour County, January 8, 1981), this court was faced with a factual situation on all fours with the case sub judice. In Ferguson, defendant was issued a citation for violating section 1301. Defendant's tractor-trailer was registered in Florida, and the owner of the truck was a Florida corporation. The Commonwealth produced no evidence to establish in which state the trucking company was incorporated, nor the state of residence of defendant.

The court, citing section 1303(c), took judicial notice of the fact that Pennsylvania has reciprocal agreements concerning nonresident vehicle registration with every state except Arizona. On that basis, the court concluded that if the owner of the vehicle were a bona fide Florida resident or a Florida

corporation, then defendant could avoid conviction under section 1301. Thus, the court held that since the Commonwealth failed to establish that defendant was a Pennsylvania resident, defendant must be found not guilty.

In the present case, the owner of the truck is a Florida corporation and the truck is registered in Florida. This fact, coupled with the reciprocal agreement between this Commonwealth and Florida qualifies defendant for exemption under section 1302(c). Thus, since the vehicle qualifies for said exemption it need not be registered in Pennsylvania, and defendant was lawfully operating subject vehicle.

## ORDER OF COURT

And now, this May 14, 1985, after hearing held, we find defendant not guilty. Costs to be paid by the County of Montour.